UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————X
G-CNY GROUP, LLC d/b/a CNY,          :
                                      :
                    Plaintiff,        :
                                      :   Case No.: 17 Civ. 3273
      -against-                       :
                                      :   **ANSWER AND COUNTERCLAIMS**
CCNY CONSTRUCTION, INC.,              :
                                      :
                    Defendant.        :   **JURY TRIAL DEMANDED**
                                      :
——————————————————X

  Defendant CCNY Construction Inc. ("CCNY" or "Defendant") responds to the Complaint filed by Plaintiff, G-CNY Group, LLC d/b/a CNY ("CNY" or "Plaintiff"), upon actual knowledge with respect to itself and their own acts, and upon information and belief as to all other matters:

## I. ADMISSIONS AND DENIALS

### THE PARTIES

  1. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 1 of the Complaint and accordingly denies these allegations.

  2. Admitted.

### JURISDICTION AND VENUE

  3. Paragraph 3 of the Complaint contains legal conclusions that do not require a response.

  4. Paragraph 4 of the Complaint contains legal conclusions that do not require a response.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 2 of 20

SDNY 17 Civ. 3273              Defendant's Answer and Counterclaims        Atty. Docket No. 140-00001

5. Paragraph 5 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY admits that this Court has personal jurisdiction over CCNY.

6. Paragraph 6 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY admits that venue is proper in this district.

## THE CNY TRADEMARK

7. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 7 of the Complaint and accordingly denies these allegations.

8. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 8 of the Complaint and accordingly denies these allegations.

9. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 9 of the Complaint and accordingly denies these allegations.

10. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 10 of the Complaint and accordingly denies these allegations.

11. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint and accordingly denies these allegations.

12. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Complaint and accordingly denies these allegations. CCNY admits that Exhibit A appears to be a status printout from the USPTO's TDSR database.

13. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 13 of the Complaint and accordingly denies these allegations.

14. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 14 of the Complaint and accordingly denies these allegations

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 3 of 20

SDNY 17 Civ. 3273         Defendant's Answer and Counterclaims         Atty. Docket No. 140-00001

15. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 15 of the Complaint and accordingly denies these allegations. CCNY admits that Exhibit B purports to be printouts from CNY's website.

16. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 16 of the Complaint and accordingly denies these allegations.

17. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint and accordingly denies these allegations.

18. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint and accordingly denies these allegations.

19. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Complaint and accordingly denies these allegations.

20. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint and accordingly denies these allegations

## CCNY'S BAD ACTS

21. CCNY admits that it is in the business of rendering construction services, including construction management and related services. CCNY is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 21 of the Complaint and accordingly denies these allegations.

22. Admitted.

23. Denied. The filing basis for the "CCNY" word mark is based on a first use anywhere and first use in commerce date of "At least as early as 02/01/2010." The filing basis of the "CCNY & Design" mark is based on a first use anywhere and first use in commerce date of "At least as early as 06/01/2014."

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 4 of 20

SDNY 17 Civ. 3273                Defendant's Answer and Counterclaims            Atty. Docket No. 140-00001

24. Denied.

25. CCNY admits the initial phrase alleged in Paragraph 25. CCNY is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 25 regarding the similarity or identity with Plaintiff's services alleged in the second part of Paragraph 25 of the Complaint and accordingly denies these allegations.

26. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 26 of the Complaint and accordingly denies these allegations.

27. CCNY admits that Exhibit C appears to be a printout from CCNY's website promoting CCNY's services under the accused marks.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 33 of the Complaint and accordingly denies these allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 5 of 20

SDNY 17 Civ. 3273            Defendant's Answer and Counterclaims            Atty. Docket No. 140-00001

## CCNY'S FRAUDULENT REGISTRATION OF THE ACCUSED MARKS

39. CCNY admits that CNY alleged "longstanding use of and rights in the CNY Trademark, beginning at least as early as 2003" and that CNY "requested that CCNY cease all use of the Accused Marks on construction and related services." CCNY denies the truth of these allegations.

40. CCNY denies that CCNY's use of its service marks is infringing. CCNY admits to the filing and registration of the Accused Marks. CCNY neither admits nor denies the information tabulated at the end of this Paragraph, and notes that the words "At least as early as" have been omitted from the first use date information in the parentheticals.

41. CCNY admits that Exhibit D appears to be TDSR status printouts of the Accused Mark Registrations.

42. Admitted.

43. Admitted.

44. Admitted, as to the first use information printed on the Accused Mark Registrations. Denied, as to the allegation that CCNY's use was after Plaintiff's use of its CNY mark.

45. Admitted.

46. Admitted.

47. CCNY admits that Exhibit E appears to contain excerpts from Attorney Lenna's Declaration.

48. Denied.

49. Denied.

SDNY 17 Civ. 3273    Defendant's Answer and Counterclaims    Atty. Docket No. 140-00001

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF A REGISTERED TRADEMARK UNDER FEDERAL LAW)

50. CCNY reiterates its responses to Paragraphs 1–49 of the Complaint and incorporates such responses by reference in this Answer.

51. Denied.

52. Denied.

53. Denied.

54. Paragraph 54 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## SECOND CAUSE OF ACTION
## (UNFAIR COMPETITION UNDER FEDERAL LAW)

55. CCNY reiterates its responses to Paragraphs 1–54 of the Complaint and incorporates such responses by reference in this Answer.

56. Denied.

57. Denied.

58. Denied.

59. Paragraph 59 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## THIRD CAUSE OF ACTION
## (FALSE ADVERTISING UNDER FEDERAL LAW)

60. CCNY reiterates its responses to Paragraphs 1–59 of the Complaint and incorporates such responses by reference in this Answer.

61. Denied.

62. Paragraph 62 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 7 of 20

SDNY 17 Civ. 3273            Defendant's Answer and Counterclaims            Atty. Docket No. 140-00001

## FOURTH CAUSE OF ACTION
### (CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS)

63. CCNY reiterates its responses to Paragraphs 1–62 of the Complaint and incorporates such responses by reference in this Answer.

64. Denied.

65. Denied.

66. Denied.

67. Paragraph 67 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

68. Paragraph 68 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## FIFTH CAUSE OF ACTION
### (DECEPTIVE ACTS AND PRACTICES UNLAWFUL UNDER NEW YORK STATE LAW)

69. CCNY reiterates its responses to Paragraphs 1–68 of the Complaint and incorporates such responses by reference in this Answer.

70. Paragraph 70 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## SIXTH CAUSE OF ACTION
### (FALSE ADVERTISING UNDER NEW YORK STATE LAW)

71. CCNY reiterates its responses to Paragraphs 1–70 of the Complaint and incorporates such responses by reference in this Answer.

72. Paragraph 72 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 8 of 20

SDNY 17 Civ. 3273                Defendant's Answer and Counterclaims         Atty. Docket No. 140-00001

## SEVENTH CAUSE OF ACTION
### (INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK STATE LAW)

73.  CCNY reiterates its responses to Paragraphs 1–72 of the Complaint and incorporates such responses by reference in this Answer.

74.  Paragraph 74 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## EIGHTHCAUSE OF ACTION
### (UNFAIR COMPETITION UNDER NEW YORK COMMON LAW)

75.  CCNY reiterates its responses to Paragraphs 1–74 of the Complaint and incorporates such responses by reference in this Answer.

76.  Paragraph 76 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

## NINTH CAUSE OF ACTION
### (MISAPPROPRIATION UNDER NEW YORK COMMON LAW)

77.  CCNY reiterates its responses to Paragraphs 1–76 of the Complaint and incorporates such responses by reference in this Answer.

78.  CCNY is without sufficient knowledge to admit or deny the allegations of Paragraph 78 of the Complaint and accordingly denies these allegations.

79.  Denied.

80.  Paragraph 80 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, CCNY denies these allegations.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 9 of 20

SDNY 17 Civ. 3273          Defendant's Answer and Counterclaims          Atty. Docket No. 140-00001

## II.     AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

81.     The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

82.     The Claims in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and acquiescence.

### THIRD AFFIRMATIVE DEFENSE

83.     The Claims in the complaint should be dismissed because Plaintiff's mark lacks inherent distinctiveness.

### FOURTH AFFIRMATIVE DEFENSE

84.     The Claims in the complaint should be dismissed because Plaintiff's mark has not acquired distinctiveness through secondary meaning in the minds of the purchasing public.

### FIFTH AFFIRMATIVE DEFENSE

85.     The Claims in the complaint should be dismissed because Plaintiff's mark has not acquired distinctiveness through secondary meaning in the minds of the purchasing public before CCNY' first use of its mark.

### SIXTH AFFIRMATIVE DEFENSE

86.     The Claims in the complaint should be dismissed because Plaintiff's mark is invalid for fraudulently amending the date of its first use in commerce.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 10 of 20

SDNY 17 Civ. 3273           Defendant's Answer and Counterclaims           Atty. Docket No. 140-00001

SEVENTH AFFIRMATIVE DEFENSE

87. The Claims in the complaint should be dismissed because Defendant's rights in the "CCNY" word mark and the "CCNY & Design" mark are superior to any rights of Plaintiff in Plaintiff's mark.

EIGHTH AFFIRMATIVE DEFENSE

88. Plaintiff's Claims fail in whole or in part to the extent that Plaintiff has suffered no damages.

NINTH AFFIRMATIVE DEFENSE

89. Defendant reserves the right to assert additional defenses upon discovery of further information concerning Plaintiff's Claims

## III.   COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, CCNY Construction, Inc. for its counterclaims against Plaintiff and Counterclaim Defendant, G-CNY Group, LLC d/b/a CNY, alleges and states as follows:

THE PARTIES

1. Counterclaim Plaintiff CCNY Construction, Inc. ("CCNY") is a New York Corporation having a principal place of business at 261 West 35th Street, Suite 401, New York, NY 10001.

2. Counterclaim Defendant G-CNY Group, LLC d/b/a CNY ("CNY") is a New York Limited Liability Company having a principal place of business at 214 West 29th Street, Suite 804, New York, NY 10018.

Case 1:17-cv-03273-LGS Document 20 Filed 06/07/17 Page 11 of 20

SDNY 17 Civ. 3273           Defendant's Answer and Counterclaims           Atty. Docket No. 140-00001

## JURISDICTION, AND VENUE

3. These counterclaims arise under the Trademark (Lanham) Act of 1946, 15.U.S.C. Sections 1051, *et. seq*.

4. This Court has subject matter jurisdiction under 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Counterclaim Defendant CNY by virtue of CNY conducting business in this district and by CNY's submitting to the Court's jurisdiction by filing of the Complaint in this Action.

6. Venue in this judicial district is proper under 28 U.S.C. Section 1391.

## HISTORY OF CCNY CONSTRUCTION INC.

7. CCNY's predecessor, Cavan Corporation of NY ("Cavan"), a privately held corporation organized under the laws of New York State, was founded by John O'Donnell, one of the principals and founders of CCNY. Cavan was so named after Cavan County in Ireland, whence Mr. O'Donnell's family immigrated. Cavan was registered as a New York Corporation in 2006 registering with an Assumed Name: CCNY. Copies of the NYS Department of State Division of Corporations Entity Information for Cavan, and the NYS Department of State Division of Corporations official Filing Receipt for Cavan are attached as EXHIBIT 1.

8. Cavan began using the abbreviation CCNY in answering the telephone, and on its emails, checks, invoices, and business cards beginning in 2006. Cavan's customers also used the abbreviation CCNY in calls and written communication beginning in 2006, and the name CCNY acquired distinctiveness in identifying the construction services of Cavan in the minds of the purchasing public. Examples of Cavan's business cards, logo, and website are attached as Exhibits 2 to Exhibit 4, respectively.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 12 of 20

SDNY 17 Civ. 3273             Defendant's Answer and Counterclaims        Atty. Docket No. 140-00001

9. Cavan's website ccnyinc.com was registered on April 16, 2010 and began operating promoting Cavan's services with the CCNY mark prominently displayed at least as early as February 2013. Website screen capture (from February 7, 2013) that is publicly available from the Internet Archive *http://web.archive.org* "WayBack Machine" is shown in Exhibit 5.

10. Mr. O'Donnell and the other principals of Cavan organized CCNY Construction Inc. ("CCNY"), as a privately held corporation organized under the laws of New York State and registered as a New York Corporation in 2014. Copies of the NYS Department of State Division of Corporations Entity Information for CCNY, and the NYS Department of State Division of Corporations official Filing Receipt for CCNY are attached as EXHIBIT 6.

11. CCNY continued Cavan's business and inherited the assets, reputation, and goodwill of Cavan in the CCNY name and service mark.

## CCNY'S SERVICES

12. CCNY provides a full array of services, from preconstruction to project close-out. As construction managers, CCNY provides building construction and pre-construction planning services, such as, for example, construction scheduling, construction phase planning, conducting construction feasibility studies, conducting constructability reviews, and construction design reviews, all in the nature of general contractor services; custom construction and building renovation; consulting in the field of building construction; construction planning; construction project management services.

13. During the project's construction phase, CCNY provides scheduling control, quality control, cost control, and project close-out.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 13 of 20

SDNY 17 Civ. 3273         Defendant's Answer and Counterclaims         Atty. Docket No. 140-00001

14. CCNY's contractor and construction services range from new high-rise construction and renovation of office, hotel, and apartment buildings, to demolition and reconstruction of such buildings.

15. The costs of typical building projects that are bid upon and handled by CCNY range from about $10 million to $50 million (dollars).

16. CCNY's customers are highly sophisticated building owners, building management companies, and hotel owners and management companies who take great care in their hiring decisions for their construction projects.

17. The prospective purchasers carefully check the background of CCNY and its competitors before inviting written bids for their construction projects.

18. Such vetting typically involves a careful study of CCNY's and its competitors' websites and web presence, a study of the company's reputation, history and finances, and often involve personal recommendations from colleagues and former customers.

19. After selecting acceptable bidders, detailed written submissions are requested and submitted by each bidder. These submissions typically include: company information; a detailed bid summary on company letterhead; a list of prior similar projects; a list of potential prime subcontractors; budget, clarifications, exclusions, and alternates; and letters of recommendation.

20. The prospective customer then narrows down the field and conducts personal bid review meetings with the final candidates for the project.

21. Accordingly, great care is taken to in the purchasing decision to identify, vet, study, and select the best company for these very expensive construction projects, and to study the company's management, history, and reputation.

## THE CCNY SERVICE MARKS

22. CCNY is the owner of all right, title, interest and associated goodwill in the CCNY word mark and the CCNY & Design mark for services provided by CCNY (the "CCNY marks").

23. CCNY owns the following federal Service Mark Registrations for the CCNY marks (the "CCNY Service Mark Registrations"):

| MARK | REG. NO. | SERVICES | STATUS |
| --- | --- | --- | --- |
| CCNY Standard Character Mark | 4987730 | IC 37: Building construction and pre-construction planning services, namely, construction scheduling, construction phase planning, conducting construction feasibility studies, conducting constructability reviews and construction design reviews, all in the nature of general contractor services; Custom construction and building renovation; Consulting in the field of building construction; Construction planning; Construction project management services | Registered 28-JUN-2016 |
| CCNY and Design An Illustration Drawing Which Includes Word(s)/ Letter(s)/Number(s) | 4987733 | IC 37: Building construction and pre-construction planning services, namely, construction scheduling, construction phase planning, conducting construction feasibility studies, conducting constructability reviews and construction design reviews, all in the nature of general contractor services; Custom construction and building renovation; Consulting in the field of building construction; Construction planning; Construction project management services | Registered 28-JUN-2016 |

Case 1:17-cv-03273-LGS Document 20 Filed 06/07/17 Page 15 of 20

SDNY 17 Civ. 3273          Defendant's Answer and Counterclaims          Atty. Docket No. 140-00001

24. Printouts of the USPTO's TDSR Database showing the current status of the CCNY Service Mark Registrations have been provided as Exhibit D to the Complaint.

25. CCNY and its predecessor, Cavan, have advertised, promoted, and provided services under the CCNY Marks continuously in interstate commerce in the United States of America since at least 2006.

26. CCNY and Cavan, have used the CCNY Service Mark to advertise, promote, and render CCNY's services since at least 2006.

**27.** CCNY's operations, reputation and revenues have steadily grown grew from 2006 to the present day.

28. CCNY has made significant investment in promoting its services under the CCNY marks.

29. As a result of CCNY's investment in extensive promotion, marketing, and advertising, and CCNY's efforts in maintaining the high-quality services rendered under the CCNY Service Marks, the CCNY marks have come to symbolize CCNY's goodwill in the minds of the purchasing public throughout the greater New York region and in neighboring state(s).

30. Consumers, including building owners, building management companies, and hotel owners and management companies recognize the CCNY marks as identifying high-quality construction and related services rendered exclusively by CCNY.

31. By virtue of 22 years of continuous services provided by CCNY and Cavan and the use of its CCNY word mark since at least 2006, as well as significant investment in marketing and promotion of the CCNY marks, the CCNY marks have become well known in the greater New York region and in neighboring state(s), and have come to symbolize CCNY's extensive goodwill and recognition of the CCNY brand in the minds of the purchasing public.

## CCNY AND ITS MARKS DO NOT CONFLICT WITH G-CNY AND ITS MARKS

32.     Upon information and belief, CCNY's use of its Service Marks in commerce began before the use in commerce by CNY.

33.     CCNY and its use of its Service Marks co-existed with CNY and its marks, without incident from the time both marks began their use in commerce until the filing of this Civil Action, which if CNY's allegations are to be believed would be for more than 10 years.

34.     CCNY is unaware of any incidents of confusion between CCNY and CNY and their respective marks, and upon information and belief, no actual confusion exists between the parties and their respective marks by the purchasing public

35.     The USPTO's file for CNY's Service Mark application for registration of its CNY mark includes a Trademark/Service Mark Statement of Use including a Declaration signed under oath by Jim Worm, CNY's Contract Administrator filed on July 23, 2015. The Statement of use includes a website Specimen and swears to a date of first use and first use in commerce as of 01/00/2014. *See*, Exhibit A to the Complaint.

36.     A search of the Internet Archive *http://web.archive.org* "WayBack Machine" discloses that the first time CNY's website was detected as being online was on April 3, 2014. The Website prominently displays CNY's logo as CNY GROUP with the initials CNY in Red capital letters and the word GROUP in smaller grey letters below. See, Exhibit 7.

### **COUNT I – CANCELLATION OF THE CNY REGISTATION**

37.     CCNY reiterates the facts and allegations set forth in Paragraphs 1–36 of its Counterclaims and incorporates such allegations by reference as if fully set forth in this Count.

38.     CNY's attorneys sent a Cease and Desist letter to CNY asserting the ownership of the CNY Service Marks and alleging that it has used the mark since 2003.

SDNY 17 Civ. 3273                Defendant's Answer and Counterclaims              Atty. Docket No. 140-00001

39.     CCNY's attorney, Leo G. Lenna, Esq. responded on October 19, 2015 to CNY's letter asserting that the dates of first use in CNY's Registrations claim a date of first use of January 2014 and November 2013, respectively and that there is no evidence that CNY used its mark since 2003, which would contradict the Statements of Use filed in obtaining the CNY Registrations. In the letter, Attorney Lenna advised that CCNY has used its marks since at least February 2010, before the first use of the CNY mark.

40.     CNY did not respond to CCNY's attorney's letter. However, the very next day, October 20, 2015, CNY filed a Section 7 Request, requesting that the dates of first use in its Registration No. 4,828,054 be amended from January 2014 to December 2007 alleging "a good faith error made by the registrant in determining these dates during the application process." No specimens or evidentiary support were provided. The Section 7 Declaration was sworn under oath by James Wurm, Vice President, Administration of CNY on October 20, 2016. *See*, Exhibit A to the Complaint.

41.     Upon information and belief, in view of the lack of documentation provided in CNY's Cease and Desist Letter, the lack of a reply to CCNY's attorney's response, and the timing of CNY's filing of the Section 7 Request, the Section 7 Request and Declaration is false, and was purposely calculated to fraudulently cause the US Patent and Trademark Office to change the dates of first use and first use in commerce to dates prior to the February 2010 date stated in CCNY's October 19, 2015 letter.

42.     CNY's false and fraudulent allegations of use in the CNY Registration has been calculated to harm CCNY by claiming that CNY's rights in its mark preceded CCNY's rights in its Registered marks. The USPTO's issuance of CCNY's fraudulent Amended Registration No. 4,828,054 has caused CCNY harm.

Case 1:17-cv-03273-LGS Document 20 Filed 06/07/17 Page 18 of 20

SDNY 17 Civ. 3273　　　Defendant's Answer and Counterclaims　　　Atty. Docket No. 140-00001

43. In view of CNY's fraudulent misrepresentation, CNY's Service Mark Registration(s) should be cancelled pursuant to Section 37 of the Lanham Act, 15 U.S.C. Section 1119.

## COUNT II – DECLARATION OF NON-INFRINGMENT

44. CCNY reiterates the facts and allegations set forth in Paragraphs 1–43 of its Counterclaims and incorporates such allegations by reference as if fully set forth in this Count.

45. This count is for declaratory judgment under the Federal Declaratory Judgment Act 28 U.S.C. Sections 2201 and 2202.

46. CCNY seeks a declaratory judgment that CNY does not have any enforceable trademark/service mark rights superior to those of CCNY.

47. CCNY seeks a declaratory judgment that to the extent it is adjudged that CNY has any enforceable trademark/service mark rights superior to those of CCNY, that those rights are not infringed by CCNY.

48. CCNY seeks a declaratory judgment that there is no likelihood of confusion between the use by CCNY of its name and Service Marks.

## IV.　　PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff, CCNY Construction, Inc., prays that:

A. The Complaint be dismissed with prejudice.

B. Judgement should be entered against Plaintiff and Counterclaim Defendant, G-CNY Group, LLC adjudicating that the CCNY marks are unenforceable and not infringed.

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 19 of 20

SDNY 17 Civ. 3273          Defendant's Answer and Counterclaims          Atty. Docket No. 140-00001

C. This Court enter Judgement that Defendant is entitled to register and use the CCNY Service Marks.

D. That the Court enter Judgement Cancelling G-CNY's Service Mark Registration for fraud.

Respectfully submitted,

Dated: June 2, 2017

**SACK IP Law p.c.**

By: /s/Alan M. Sack/

Alan M. Sack (AS4455)

| 5 Penn Plaza | 6800 Jericho Tpk. |
| 23rd Floor | Suite 120W |
| New York, NY 10001 | Syosset, NY 11791 |
| Tel: (212) 500-1310 | Tel: (516) 393-5960 |
| | Direct Cell: (516) 510-3061 |

Email: Alan.Sack@sack-ip.com

*Attorney for Defendant, CCNY Construction Inc.*

Co-Counsel:
**SORELL, LENNA & SCHMIDT, LLP**
Peter B. Sorell (PS5394)
Erik B. Zarkowsky (EZ7079)
99 Smithtown Bypass
 2nd Floor
Hauppauge, NY 11788
Tel: 631-656-9818 Reception
Fax: 631-406-7146
E-mail: psorelll@slsllp.com
E-mail: ezarkowsky@slsllp.com

*Attorneys for Defendant, CCNY Construction Inc.*

Case 1:17-cv-03273-LGS   Document 20   Filed 06/07/17   Page 20 of 20

SDNY 17 Civ. 3273           Defendant's Answer and Counterclaims          Atty. Docket No. 140-00001

## **CERTIFICATE OF SERVICE**

      I, Erik B. Zarkowsky, a member of the bar of this Court, hereby certifies that Defendant's Answer and Counterclaims filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 6, 2017.

Dated: Hauppauge, New York
       June 6, 2017

                                              /s/ Erik B. Zarkowsky
                                                Erik B. Zarkowsky